AO 91 (Rev. 11/11) Criminal Complaint

S LAFFERTY

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

RICHARD W. NAGEL
CLERK OF COURT

2025 SEP -5 PM 1:52

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| HAGIE CAMARA | ) | Case No. 0:25-mj-504 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 4, 2025__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC § 846 | Conspiracy to Possess with Intent to Distribute at least 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Jordan Haag*
Complainant's signature

Jordan Haag, DEA Special Agent
*Printed name and title*

NMK
Sworn to before me and signed in my presence. acknowledged pursuant to FRCrR 4.1

Date: 9/5/2025 1:43 pm.

City and state: Columbus, Ohio

Judge's signature

NORAH M. KING, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jordan Haag, being duly sworn, depose and state the following:

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and am currently assigned to the DEA Detroit Field Division, Columbus District Office (CDO) in Columbus, Ohio. I have been a Special Agent with DEA for approximately 3 years. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of 21 U.S.C. § 878.

2. As a Special Agent, I have completed the DEA Basic Agent Training Academy, which is a 17-week course in Quantico, Virginia that included training in, among other things, surveillance, undercover operations, confidential source management, search warrant operations, interview and interrogation. As a Special Agent, my experience includes participating in criminal arrests, conducting physical surveillance, trash seizures, searching for evidence during court-authorized search warrants, and authoring search warrants as well as subpoenas. I continue to receive training on a daily basis by conducting criminal drug investigations and drawing from the expertise of agents more experienced than myself.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for federal arrest warrants and criminal complaints against Hagie Oumu CAMARA ("**CAMARA**") and Musa KAMARA ("**KAMARA**") for Conspiracy to Possess with Intent to Distribute at least 5 kilograms or more

1

of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A)(ii), all in violation of 21 United States Code, Section 846.

4. My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigations conducted by other law enforcement officers and investigators concerning the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that **CAMARA** and **KAMARA** committed the above offense.

## SUMMARY OF PROBABLE CAUSE

5. In August of 2025, the DEA Columbus District Office (CDO) investigators were contacted by another DEA office in regard to a Confidential Source (CS-1[1]) who had information pertaining to **KAMARA** and his drug trafficking organization. The CS stated that **KAMARA** was a kilogram level drug dealer from Columbus, Ohio, operating in the Columbus, Ohio, area and provided investigators with **KAMARA**'s telephone number as (614) 843-9791 (hereinafter referred to as "telephone number 9791").

6. In August of 2025, members of the DEA CDO established an investigation into **KAMARA** and his associate, **CAMARA**, as well as a residence associated with them, located at 1970 Morse Road, Columbus, Ohio. Throughout the investigation to date, investigators have identified **KAMARA** as the primary possessor and subscriber of telephone number 9791. In the same month, at the direction of law enforcement, the CS and **KAMRA** had multiple

---

[1] CS1 has no pending drug charges and is cooperating with law enforcement for monetary compensation. Based upon information provided to me from other agents/officers who had prior conversations with CS1 and based upon the fact that CS1's information has been corroborated through other law enforcement means, I believe that the information provided by CS1 relative to the instant investigation is credible.

conversations that were provided to investigators. The CS provided investigators with a summary of the telephone conversation between him/her and **KAMARA** in which CS and **KAMARA** agreed to a free sample of cocaine which would then be delivered to an individual appearing to be a customer but in fact was an investigator acting in an undercover capacity (hereinafter referred to as "UC").

7. On or about August 6, 2025, investigators applied for and obtained a State of Ohio search warrant to obtain Geo-Location data (ping) on telephone number 9791 in the Franklin County Court of Common Pleas.

8. On or about August 28, 2025, **KAMARA**, utilizing telephone number 9791, contacted the UC to arrange a meet location for the free sample of cocaine. On the same date, surveillance was established at the pre-determined location in the Columbus, Ohio area in preparation for the UC meet. Investigators observed a Chrysler 300 bearing Ohio Registration HWW 7191 (hereinafter referred to as "Chrysler 300") and registered to **CAMARA**, arrive and park near the UC vehicle. Investigators observed the UC exit the UC vehicle and enter into the Chrysler 300. While inside of the Chrysler 300, **CAMARA** provided the UC with approximately 40 gross grams of cocaine. Through BMV photographs, the UC confirmed that **CAMARA** was the individual who provided him/her the free sample.

9. On or about August 28, 2025, investigators applied for and obtained a State of Ohio tracking warrant for the Chrysler 300 in the Franklin County Municipal Court.

10. On or about September 4, 2025, the UC and **KAMARA**, utilizing telephone number 9791, had further conversation in regard to a 10 kilogram narcotics transaction in which KAMARA would sell the cocaine to the UC for approximately $135,000. **KAMARA** agreed to the deal and stated that he needed to "arrange things" before the transaction. At that time,

surveillance was established on **KAMARA**, who was driving a 2016 Mercedes-Benz bearing Ohio Temporary registration T983204 (hereinafter referred to as, "Mercedes-Benz), and **CAMARA**, driving the Chrysler 300. In addition, the UC stated that he/she wanted **KAMARA** to package the 10 kilograms in a suitcase.

11. Investigators observed **KAMARA** exit his registered address, enter into the Mercedes-Benz, and depart the area. Investigators observed the Mercedes-Benz arrive and park at the Four Point Apartments located at 5362 Hoover Forest Lane, Columbus, Ohio. Investigators observed **KAMARA** exit the Mercedes-Benz and walk towards the apartment complex. Visual was temporarily lost. Approximately 10 minutes later, investigators observed **KAMARA** appear from the apartment complex carrying a silver suitcase. Investigators observed **KAMARA** place the suitcase into the rear driver side of the Mercedes-Benz. The Mercedes-Benz then departed the area.

12. Investigators observed the Mercedes-Benz arrive and park at 1970 Morse Road. Investigators observed **KAMARA** exit the Mercedes-Benz and enter into 1970 Morse Road carrying the silver suitcase. A few minutes later, investigators observed **KAMARA** briefly exit 1970 Morse Road empty-handed then enter back in. Approximately 10 minutes later, investigators observed **CAMARA** arrive in the Chrysler 300 arrive and park at 1970 Morse Road. Investigators observed **CAMARA** exit the vehicle and enter into 1970 Morse Road. A few minutes later, investigators observed **CAMARA** exit 1970 Morse Road carrying the silver suitcase. Investigators observed **CAMARA** place the silver suitcase into the trunk of the Chrysler 300. Over the next few minutes, investigators observed **CAMARA** enter and exit 1970 Morse Road a few times before entering the Chrysler 300 and departing the area. Surveillance was maintained.

13. At approximately 4:35 p.m., the Ohio State Highway Patrol initiated a traffic stop on the Chrysler 300 at Interstate I-270 west near mile mark 18 for a traffic infraction. Trooper Dickerson arrived on scene with his certified K-9 partner to conduct a free air sniff of the vehicle which resulted in the positive alert of narcotics coming from the vehicle. During a probable cause search of the vehicle, approximately 10 kilograms of cocaine were located and seized from the silver suitcase.

14. On the same date, investigators applied for and were granted a State of Ohio Residential Search Warrant at 1970 Morse Road in Franklin County Municipal Court by the Honorable Gina Russo.

15. On the same date, the DEA CDO Entry Team executed the State of Ohio residential search warrant at 1970 Morse Road. The Entry Team secured the business and did not encounter anyone inside. During a search of the business, investigators located and seized a firearm located by the cash register. In the back storage room, investigators located and seized an additional kilogram of suspected cocaine. Located with the kilogram, investigators observed and seized a plastic bag containing approximately 1160 gross grams of suspected cocaine. In the back closet of the business, investigators observed multiple plastic bags, rubber bands, and vacuum sealer, which investigators know to be consistent with illegal manufacturing of narcotics. Also in the business, investigators observed a money counter, and multiple pieces of mail and checks in the name of KAMARA TRADING LLC.

16. Investigators transported the evidence seized from 1970 Morse Road to the DEA CDO for processing. While at the CDO, investigators conducted field tests of the kilograms seized from the traffic stop and 1970 Morse Road which yielded a positive result for the

presence of cocaine, a Schedule II controlled substane. At the conclusion of the search warrant, investigators located and seized the following items of evidentiary value:

    a.    a bag containing 1160 gross grams of suspected cocaine,
    b.    one kilogram of suspected cocaine, and
    c.    a loaded Smith & Wesson Shield 9mm handgun.

## CONCLUSION

17.    Based upon this information, your affiant submits that probable cause exists to believe that on or about the above dates, in the Southern District of Ohio, **KAMARA** and **CAMARA** did knowingly and intentionally combine, conspire, confederate, and agree with one another, to distribute and possess with the intent to distribute at least 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(ii), all in violation of Title 21, United States Code Section 846.

*Jordan Haag*
Jordan M. Haag
Special Agent
Drug Enforcement Administration

NMK Acknowledged
Subscribed and sworn to before me pursuant to FRCrR 4.1
this __5__ day of September, 2025.

HONORABLE NORAH M. KING
UNITED STATES MAGISTRATE JUDGE

6